JOURNAL ENTRY AND OPINION
On April 6, 2001, the applicant, Fred Gladden, pursuant to App.R. 26 (B), applied to reopen this court's judgment in State of Ohio v. FredGladden (Jan. 16, 2001), Cuyahoga App. No. 76908, unreported, which affirmed his conviction and sentence for rape. On May 3, 2001, the State of Ohio filed its brief in opposition, and on May 14, 2001, Mr. Gladden filed a reply brief. For the following reasons, this court denies the application.
In December 1998, the Grand Jury indicted Mr. Gladden for rape with a sexually violent predator specification and for kidnapping with a sexual motivation specification. During the voir dire of the trial, Mr. Gladden pleaded guilty. In exchange for the guilty plea on the rape account, the State of Ohio deleted the sexual predator specification and nolled the kidnapping charge. The court imposed the maximum sentence for rape, ten years.
On appeal Mr. Gladden through his attorney argued that the maximum sentence was inappropriate. The first assignment of error was that the trial court erred in not imposing the minimum sentence when Mr. Gladden had not previously served a prison term aria the trial court had not specified on the record that varying from the minimum was warranted. The second assignment of error was that the trial court did not properly impose the maximum sentence because it did not record a necessary finding, e.g., Mr. Gladden committed the worst form of the offense. This court rejected those arguments.
Mr. Gladden now maintains that his appellate counsel was ineffective because he did not argue the following assignments of error: (1) Appellant was denied due process of law when his maximum sentence was based upon an error of fact on the part of the trial court, and (2) Appellant's trial counsel was ineffective for remaining silent when the judge relied upon the factual error in imposing the maximum sentence. The gravamen of these arguments is that during the sentencing hearing the trial judge stated that Mr. Gladden was on probation for felonious assault and had committed one of the worst forms of that crime. In reality, however, Mr. Gladden was on probation for misdemeanor assault. Thus, he argues, this mistake caused the trial judge to impose the maximum sentence, and Mr. Gladden should be entitled to a new sentencing free of the taint of this mistake of fact. Moreover, had his appellate counsel argued this mistake, Mr. Gladden would have obtained a reversal and remanaror resentencing.
This argument is not persuasive because Mr. Gladden fails to establish prejudice. In order to establish a claim of ineffective assisuance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. To establish prejudice the petitioner must show that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies. Thus a petitioner must establish prejudice in order to show a genuine issue of ineffective assistance of appellate counsel.
This court affirmed the imposition of the maximum sentence because the trial judge had properly ruled on the record that the "appellant had committed one of the worst forms of the offense of rape." (Slip op. at 8.) This court reviewed the presentence report as it related to the rape and listed the many heinous aspects of the subject crime, e.g., abuse of trust and lack of remorse. This ruling was independent of any consideration of a previous offense, regardless of whether it was a felony or a misdemeanor. Whether or not the trial judge misstated or misconceived Mr. Gladden's prior record did not affect this court's ruling and would not have made a difference if it had been raised. The maximum sentence was proper.
Accordingly, this court denies the application for reopening.
MICHAEL J. CORRIGAN.J., and FRANK D. CELEBREZZE. JR. J. CONCUR.